1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JASON THOR LEONARD,                    No. 2:23-cv-2862-WBS-EFB (PC)

12                 Plaintiff,

13          v.                               ORDER

14    CALIFORNIA STATE PRISON
      SACRAMENTO, et al.,
15
                     Defendants.
16

17          Plaintiff is a former[1] state prisoner proceeding without counsel in an action brought under

18    42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he also filed an application to

19    proceed in forma pauperis (ECF No. 2).  The court will grant his application and screen the

20    complaint.

21                      Application to Proceed in Forma Pauperis

22          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2), that

23    plaintiff is unable to prepay fees and costs or give security therefor.  Accordingly, plaintiff's

24    motion for leave to proceed in forma pauperis is granted.

25    ////

26    ////

27    _____

28          [1]  Plaintiff is no longer incarcerated, according to his address of record.

1

1

<u>Screening Standards</u>

2          Federal courts must engage in a preliminary screening of cases in which prisoners seek

3   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

4   1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of

5   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

6   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

7   *Id*. § 1915A(b).

8          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11  defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v.*

12  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v Gibson*, 355 U.S. 41 (1957)).

13  While the complaint must comply with the "short and plain statement" requirements of Rule 8, its

14  allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S.

15  662, 679 (2009).

16         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18  action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19  a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at

20  678.

21         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23  content that allows the court to draw the reasonable inference that the defendant is liable for the

24  misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28  ////

2

1

<u>Screening Order</u>

Plaintiff sues two defendants, Correctional Officer Scott and California State Prison - Sacramento ("CSP-Sacramento").  ECF No. 1 at 2.  Plaintiff alleges he had a negative verbal exchange with Scott on April 10, 2021, during which Scott was verbally abusive.  *Id*. at 3. Plaintiff alleges that Scott "shot" plaintiff within two minutes of their verbal interaction.  *Id*.  A use of force interview was conducted and recorded on April 12, 2021.  *Id*.  Plaintiff alleges that "because of this CDCR – Sacramento[2] put in a fraudulent district attorney referral," in an attempt to prevent plaintiff's release from prison on May 16, 2021.  *Id*.

<u>Retaliation</u>

Plaintiff's complaint implies two distinct, but insufficiently alleged, retaliation claims.  An inmate's First Amendment claim of retaliation requires the inmate to show:  "(1) [a]n assertion that a state actor took some adverse action against the inmate; (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal" *Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2005).  The inmate must show evidence of retaliatory motive that is not merely pretextual.  *Long v. Sugai*, 91 F.4th 1331, 1339 (9th Cir. 2024).  A mere sequence of events is insufficient to show retaliatory motive.  *Id*.

Plaintiff's first potential retaliation claim is that Scott "shot" plaintiff in retaliation for something plaintiff said.  The reference to a "shot" is reasonably construed as alleging some form of physical force or restraint that Scott inflicted on plaintiff.  As such, plaintiff has sufficiently alleged an adverse action by Scott.  However, as to the second and third elements of a potential retaliation claim against Scott, the complaint alleges Scott's adverse action was because of their earlier verbal interaction, but fails to allege that the verbal exchange involved speech or conduct protected by the First Amendment (such as filing or stating an intent to file a complaint against

---

[2]  Plaintiff uses the term "CDCR - Sacramento" in stating his claim, ECF No. 1 at 3, although he separately names CSP-Sacramento as a defendant, *id*. at 2.  The abbreviation "CDCR" plausibly refers to the California Department of Corrections and Rehabilitation.  CSP-Sacramento is a prison facility operated by the CDCR.

Scott) and that the protected conduct was the "substantial or 'motivating' factor" behind Scott's allegedly adverse action (*i.e.*, "shooting" plaintiff). *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). For these reasons, the complaint fails to state a First Amendment retaliation claim against Scott.

Plaintiff implies another instance of retaliation, by an entity that is either "CDCR-Sacramento" or "CSP-Sacramento," of giving a fraudulent notice to the district attorney "because of this" to "try" to delay plaintiff's release from prison. ECF No. 1 at 3. It is unclear whether plaintiff is alleging the district attorney was notified because of: (1) the interaction between Scott and plaintiff, including Scott's use of force, on April 10, 2021; and/or (2) something related to the use of force interview conducted on April 12, 2021. It is also unclear why plaintiff alleges the referral to the district attorney was fraudulent. It may be plausibly inferred that a referral was made according to Cal. Code Regs., tit. 15, § 3316(a), which requires the head (or designee) of a prison facility to report criminal misconduct at a prison facility to prosecutors. However, such an inference would be purely speculative because plaintiff has failed to sufficiently allege the referral he is referencing. Such a referral is plausibly an adverse action, but plaintiff has failed to allege why the referral was retaliation for plaintiff's protected speech or protected conduct and/or why the referral was fraudulent and/or why plaintiff alleges the purpose of the referral was to attempt to delay his release date.

A claim of retaliation cannot be alleged against either "CDCR-Sacramento" or "CSP-Sacramento" because neither of them is a "person" within the meaning of the Civil Rights Act, 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California state agencies and prisons are not persons within the meaning of § 1983); *Bennett v. California*, 406 F.2d 36, 39 (9th Cir. 1969) (state agencies including the California Department of Corrections are not persons within the meaning of § 1983). Indeed, if and to the extent this retaliation claim is based on a misconduct report pursuant to § 3316(a), such a report is made by the head (or designee) of the prison facility, who is a person within the meaning of § 1983.
////

In any amended complaint, with this analysis in mind, plaintiff should provide more factual context to his retaliation claims.  For example, plaintiff should allege why and how his verbal exchange with Scott included protected speech, and describe the basis for his allegation that the referral to the district attorney was fraudulent.

Excessive Force

For an excessive force claim, plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).  In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response.  *Id*. at 7; *see also id*. at 9-10 ("The Eighth Amendment prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citation omitted)).  Plaintiff's allegations are too vague and conclusory to establish the required elements for an excessive force claim.

In any amended complaint, with these factors in mind, plaintiff should provide more factual context if plaintiff wishes to allege a claim for excessive use of force.  For example, plaintiff should more fully allege the circumstances leading up to Scott's application of force.  What sort of "shot" did Scott apply to plaintiff?  Was plaintiff injured, and if so what was the nature and extent of the injury?

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend.  If Plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is

1   legally required to do that causes the alleged deprivation).  The amended complaint must contain

2   a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).  The amended complaint

3   should also describe, in sufficient detail, how each defendant personally violated or participated

4   in the violation of his rights.  The Court will not infer the identify of defendants, nor the existence

5   of allegations that have not been explicitly set forth in the amended complaint.

6        Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

7   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring multiple, unrelated claims

8   against more than one defendant.  *Id*.  The amended complaint should include only claims that are

9   related because they concern the same event (or series of related events) or the same defendant.

10       Any amended complaint must be written or typed so that it is complete in itself without

11  reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

12  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

13  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

14  F.3d 1467, 1474 (9th Cir. 1997) (the 'amended complaint supersedes the original, the latter being

15  treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

16       Finally, the court notes that any amended complaint should be as concise as possible in

17  fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of

18  procedural or factual background which has no bearing on his legal claims.

19  Conclusion

20      1.    Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED;

21      2.    Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30

22      days of service of this order; and

23      3.    Failure to comply with this order may result in dismissal of this action for the

24      reasons stated herein.

25

26  Dated: May 29, 2024

27  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

28

6