UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOR LEONARD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA STATE PRISON SACRAMENTO, et al.<br><br>　　　　　Defendants. | No. 2:23-cv-02862-WBS-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has already been granted leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915, but his initial complaint (ECF No. 1) was dismissed with leave to amend. ECF Nos. 6, 12. Plaintiff has filed an amended complaint. ECF No. 7.

Screening Standards

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges that defendant correctional officer Scott shot plaintiff with a "block gun" on April 10, 2021 after plaintiff responded to Scott's "verbally abusive behavior" "by flipping off defendant Scott and stating 'Fuck you and the Green Wall.'" ECF No. 7 at 3. Plaintiff claims that the use of such force was not justified. *Id.* at 4. He asserts claims for retaliation in violation of the First Amendment and excessive force in violation of the Eighth Amendment against defendant Scott.

////

1    Plaintiff further alleges that "California Department of Corrections Sacramento"
2    (presumably either the California Department of Corrections and Rehabilitation or California
3    State Prison, Sacramento) filed a fraudulent district attorney referral, falsely claiming that
4    plaintiff assaulted another inmate who witnessed the April 10th incident. "This was done to
5    prevent plaintiff's scheduled release from prison on May 16, 2021." *Id.*

6    To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must
7    allege facts that show that a correctional officer used force against him maliciously and
8    sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.
9    *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes
10   such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between
11   that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the
12   extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the
13   forceful response. *Id.* at 7. While plaintiff has conclusorily alleged that Scott's use of force was
14   not justified, he has provided insufficient factual details from which it may be inferred that the
15   use of force was done maliciously and sadistically to cause harm, rather than in a good-faith effort
16   to maintain or restore discipline. Thus, the claim as pleaded fails to state a claim. As plaintiff has
17   not been afforded an opportunity to amend the excessive force claim yet, the dismissal of
18   plaintiff's excessive force claim must be with leave to amend to provided required factual details.

19   To state a claim for retaliation in violation of the First Amendment, a prisoner must allege
20   facts showing five elements: (1) that a state actor took some adverse action against him (2)
21   because of (3) his protected conduct, (4) that such action chilled his exercise of his First
22   Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional
23   goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need not allege
24   that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was
25   such as would chill or silence a person of ordinary firmness from future First Amendment
26   activities. *Id.* at 568-69. In the first screening order, the court informed plaintiff that he had
27   failed to allege protected conduct. While the amended complaint states conclusorily that
28   "flipping off a government official and using profane language is a constitutionally protected

3

1 activity," this statement of the law is not accurate, and plaintiff has again failed to allege
2 protected conduct. *Franklin v. Oregon*, 563 F. Supp. 1310, 1326 (D. Or. 1983) ("Whatever First
3 Amendment rights an inmate retains in his use of expletives does not extend to directing them
4 toward a guard"), aff'd in part and rev'd in part on other grounds sub nom. *Franklin v. Murphy*
5 745 F.2d 1221 (9th Cir. 1984); *Garner v. Nash*, No. 3:16-cv-00410-RCJ-WGC, 2017 U.S. Dist.
6 LEXIS 33932, at *10 (D. Nev. Mar. 8, 2017) (finding that inmate's "fuck you" directed at
7 correctional officer was not protected speech). Thus, the retaliation claim against Scott must be
8 again dismissed for failure to state a claim.

9 Lastly, plaintiff's retaliation and due process claims against CDCR and/or CSP-Sac must
10 be dismissed because, as the court informed plaintiff in the first screening order, these entities are
11 not subject to suit under § 1983. ECF No. 6 at 4.

12 Despite notice of the deficiencies in his retaliation claim against Scott and his claims
13 against CDCR/CSP-Sac and an opportunity to amend, plaintiff has not corrected the deficiencies
14 in the amended complaint, indicating that further leave to amend these claims would be futile.
15 *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend
16 appropriate where further amendment would be futile).

17 <u>Conclusion</u>

18 Accordingly, it is RECOMMENDED that:
19 1. Plaintiff's retaliation and due process claims be dismissed for failure to state a claim
20 without further leave to amend;
21 2. Plaintiff's excessive force claim against defendant Scott be dismissed with leave to
22 amend within 30 days of the district judge's adoption of these recommendations.
23 These findings and recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
25 after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.
27 /////
28 /////

4

1     Such a document should be captioned "Objections to Magistrate Judge's Findings and
2 Recommendations."  Failure to file objections within the specified time may waive the right to
3 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
4 v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

6 Dated: May 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE